## CHARLES F. BUZZI v. STATE.

No. A-6300.   Opinion Filed Jan. 12, 1929.
(273 Pac. 380.)

Geo. M. Callihan, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. This appeal is from a judgment rendered on a verdict of a jury finding defendant, Buzzi, guilty of assault and battery and fixing his punishment at a fine of $100 and imprisonment in the county jail for 15 days.

It appears from the record that the case came to the district court on appeal from a judgment of conviction rendered on the trial of a complaint filed in the justice of the peace court of O. R. Fegan, justice of the peace in and for the city of Guthrie, Logan county, wherein Owen E. Acton verified the complaint, charging that Charles E. Buzzi did assault, strike, and beat and bruise him, the said Owen E. Acton.

The undisputed facts are that the complaining witness, a resident of Guthrie, parked his car in front of the bathhouse on Oklahoma avenue in the city of Guthrie, and appellant, who testified that he was "a Federal prohibition officer," stepped up and said, "I am going to search this car." Mr. Acton objected, and appellant grabbed him and with force and violence pulled him out of the car. The sheriff, undersheriff, and one or two deputy sheriffs came up, and appellant searched the car for intoxicating liquors, but failed to find any. Mr. Acton said, "I know you have no right to do that." Appellant replied: "Well, you see we did it. You go and see your lawyer." It is undisputed that appellant did not have a search warrant and did not have any warrant for Mr. Acton.

The errors assigned question the jurisdiction of the court to try the case, and question the sufficiency of the evidence to sustain the verdict. An examination of the record shows that the question of jurisdiction is not presented therein, and we think that on the undisputed facts the defendant was guilty of assault and battery.

It is suggested that the punishment imposed is excessive. Upon the whole case we are inclined to think that

the punishment is too severe, and that the judgment should be modified by omitting the jail sentence imposed and leaving the fine of $100.

The sentence will therefore be modified to a fine of $100 and the costs, and as so modified the judgment is affirmed.

EDWARDS and DAVENPORT, JJ., concur.